# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4496 | **DATE** | 1/9/2013 |
| **CASE TITLE** | Monica A. Washington vs. YMCA of Metropolitan Chicago | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court denies defendant's motion to dismiss plaintiff's third amended complaint [34]. Defendant's answer to the third amended complaint is to be filed on or before January 21, 2013.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff has filed a *pro se* complaint alleging that defendant refused to hire her and retaliated against her because of her disability in violation of the Americans with Disabilities Act ("ADA"). Defendant asks the Court to dismiss the third amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is denied.

### Facts

Plaintiff has Cerebral Palsy, which "is visible to the eye" and affects her speech and motor movements. (3d Am. Compl. ¶ 12.) On July 28, 2011, she submitted an on-line employment application to defendant for an After School ALO Facilitator position. (*Id.* ¶¶ 2-3.) On August 3, 2011, defendant interviewed plaintiff. (*Id.* ¶¶ 5, 7.) On August 4, 2011, defendant sent an email to plaintiff stating that she had not been selected for the job because "another candidate's qualifications more closely match[ed] [defendant's] requirements." (*Id.* ¶ 9; *id.*, Ex. F, 8/4/11 Email from Vasselli to Washington.) After plaintiff received the email, she tried, but was unable, to access her application materials from defendant's website. (*Id.* ¶ 10.)

On August 26, 2011, plaintiff saw that defendant had posted the After School ALO Facilitator position on Craig's List. (*Id.* ¶ 12.) Though the Craig's List job description "looked different" from the one defendant had given plaintiff, "all the requirements where [sic] the same." (*Id.*)

### Discussion

Defendant contends that the third amended complaint should be dismissed because it does not contain "a short and plain statement of the claim[s]" as required by Rule 8(a)(2). In fact, plaintiff's allegations are more than sufficient to satisfy the lenient pleading standards applied to *pro se* complaints. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

## STATEMENT

Defendant also argues that plaintiff's ADA retaliation claim should be dismissed for failure to exhaust administrative remedies. Exhaustion, however, is an affirmative defense that "defendant bears the burden of pleading and proving." *See Williams v. Runyon*, 130 F.3d 568, 573 (7th Cir. 1997). Thus, it is not an appropriate basis for a Rule 12(b)(6) dismissal. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Orders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses.").

Finally, defendant asks the Court to strike the exhibits attached to the third amended complaint because they are "redundant, immaterial and impertinent." (Mot. Strike & Dismiss 3d Am. Compl. at 5.) On the contrary, the exhibits – the job descriptions, plaintiff's application, defendant's interview notes and rejection email to plaintiff, the EEOC intake questionnaire and the right to sue letter – are directly relevant to plaintiff's allegations. Thus, the motion to strike is denied.